## Lexington & Big Sandy Ry. Co. v. Moore.

(Decided November 4, 1910.)

### Appeal from Boyd Circuit Court.

1. Contracts—Construction of.—When there is no charge of fraud or mistake in the execution of a contract, it must be construed according to its terms, and when it is not susceptible of more than one fair and reasonable construction, its interpretation is a question of law and it becomes the duty of the court to construe it according to its terms as written.

2. Contracts—Construction of.—In the construction of all contracts, the intention of the parties making the contract if it can be arrived at from a consideration of the instrument, must control; and in aid of what the parties intended, it is admissible in the construction of many contracts that are on their face free from ambiguity to consider their situation, and the circumstances and conditions surrounding them at the time the contract was entered into—not for the purpose of modifying or enlarging or curtailing its terms, but to shed light upon the intention of the parties; and the intention of the parties thus gathered will pre-

vail unless it does violence to the meaning of the contract as written.

3. Deeds—Limitation as to Uses.—A condition or limitation in a deed restricting or limiting the particular uses of the property conveyed is valid, but may be waived or abandoned by subsequent conduct of the grantor.

4. Railroad Depots—Restriction Concerning Location of.—Conditions in a contract providing that a depot shall be located at a particular place, and prohibiting the location of depots at other, places within the prescribed distance, are invalid as against public policy, upon the ground that railroad companies owe duties to the public that might require the erection of depots within the prescribed limits, and if the prohibition was sustained the duty owing to the public could not be performed.

5. Facts Stated and Application of Principle Made.—A conveyed to B a lot for railroad purposes that lay between his residence and the terminus of one of the principal streets in a city. From the residence down this street there was a fine view of the street and the river at the other end of the street. In the deed it was stipulated that depots for freight and passenger purposes should be erected upon either side of the street, so as not to obstruct the view from the residence down the street to the river, but there was no prohibition in the deed against the erection of a depot at a place that would obstruct this view. Held, that the deed prohibited the erection of a depot that would obstruct the view and that A might maintain an action to recover damages for breach of the contract; and that in interpreting the contract it was competent to consider the situation and conditions surrounding the parties at the time it was entered into.

WORTHINGTON, COCHRAN & BROWNING for appellant.

L. T. EVERETT and GEORGE B. MARTIN for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

In 1880, the appellant and her husband, since deceased, sold and conveyed to "The Contracting and Building Company" a parcel of land containing something over one acre. At the time the vendee was engaged in constructing a railroad, which by subsequent transfers passed into the hands of appellant company, and the conveyance by appellee and her husband to it was for railroad purposes. Among other things the deed contained the following stipulation:

"The depot for passengers and partly for E., L. & B. S. freight is to front the northern edge of Division street, and be north of the line of said street; and the transfer depot and freight depot of the Chattaroi road is to front

Division street on the south side, and be at least twenty feet back from the line of the street, and farther back if practicable."

At the time this deed was made and now, Division street was and is the principal street in the city of Catlettsburg, running back from the Ohio river to the lot conveyed by the appellee and her husband to the contracting company. After the deed was made, the residence of appellee, which is now located where it was then, faced Division street—being separated from it by the lot conveyed to the contracting company. At the time of this conveyance there were no buildings on the lot conveyed, and there was a clear and unobstructed view from the Moore residence down Division street to the Ohio river, giving to the occupants of the residence an attractive view of the city and the river. In 1900 the appellant company erected upon this lot and in front of the Moore residence a large passenger station that obstructed the view from the residence of the city and river. This action was brought to recover damages for the erection of this depot in violation of the terms of the deed, which it is contended contemplated that the depots if erected should be so situated as that the view from the residence down Division street would be unobstructed. Upon a trial the appellee was awarded damages in the sum of one thousand dollars.

The only ground relied upon for reversal is that the court should have directed the jury to find a verdict in favor of the appellant company.

Appellee's cause of action is based upon the proposition that the erection of the depot at the end of Division street and in front of her residence constituted a breach of the agreement contained in her deed to the contracting company—her contention being that the deed to that company prohibited the erection of a depot except at the places indicated in the deed. When it was taken into consideration that the land conveyed was between the residence and the end of Division street, and that it was intended that the land should be used for railroad purposes, it is manifest that the designation of the places at which depots should be erected was inserted for the purpose of leaving unobstructed by depot or other buildings the view from the residence down Division street to the river. But, it is insisted that the intention of the parties is to be gathered from the instrument itself, and that as it does not prohibit the

erection of a depot or other building at the place the depot complained of was put, the appellant company as the owner of the land had the right to use it for such legitimate purposes as it saw proper and to erect its depot at any place on the land that best suited its interest or convenience.

As there is no charge of fraud or mistake in the execution of the instrument, it must be construed according to its terms, and it is settled that when there is no ambiguity in the contract and it is not susceptible of more than one fair and reasonable construction, its interpretation is a question of law, and it becomes the duty of the court to construe it according to its terms as written. L. & N. R. R. Co. v. Louisville Southern R. Co., 100 Ky., 690. But, in the construction of all contracts, the intention of the parties making the contract, if it can be arrived at from a consideration of the instrument, must control, and in aid of what the parties intended it is admissible in the construction of many contracts that are on their face free from ambiguity to consider their situation and the circumstances and conditions surrounding them at the time the contract was entered into,—not for the purpose of modifying or enlarging or curtailing its terms, but to shed light upon the intention of the parties. And the intention of the parties thus gathered will prevail unless it does violence to the meaning of the contract as written. Page on Contracts, section 1123; Kauffman v. Reader, 108 Fed., 171, 54 L. R. A., 247; Smith v. Kerr, 108 N. Y., 31, 2 Am. St. Rep. 362; Hindrith v. Forrest, 4 J. J. Mar. 217. In other words, if a written contract, when viewed from the standpoint of the parties at the time it was executed can be made to carry out their intention as expressed in the writing, the court will adopt the construction that will accomplish this end. The contract under consideration affords a good illustration of the class in which it is permissible to admit extrinsic evidence to understand why certain conditions and limitations were inserted. The contract is apparently free from ambiguity. It is written in simple words, and on its face there is no confusion or uncertainty. The reading of it will not give any intimation why the places at which depots might be erected was fixed, but when the conditions as they existed on the ground are understood, the reason for designating these places becomes at once apparent. It is easy to arrive at the purpose in stipulating in the

deed the places at which depots should be located, and it is clear that the designation of these places was intended to exclude the erection of a depot in front of the residence. There is no fact or circumstance connected with the execution of the paper or the language employed from which the inference can be drawn that the object in the minds of the parties was to have depots erected on the premises, and this being so, it would seem to follow that the purpose in mentioning their sites was to prohibit the erection of depots at other places on the lot. It would of course, as suggested by counsel for appellant, have been easy enough for the parties to have expressed in the deed that no depot should be erected that would obstruct the view from the residence down Division street, but we think the stipulation in regard to the places where depots might be erected and which save this view was the same in effect as if the condition suggested by counsel had been inserted in the deed. And it is not reasonable to give this instrument any other construction than one that would prohibit the erection of a depot at the place that resulted in this litigation. If we are right in this conclusion, it necessarily follows that it was a breach of the contract to put the depot in the prohibited place, and consequently the injured party had the right to maintain this action to recover damages for the breach. The right of recovery and the measure of damage being the same as if the deed had in terms forbidden the erection of the depot, and in violation of this express condition, one had been erected.

It is further insisted that if the deed is so constructed as to prohibit the erection of a depot at the terminus of Division street or at any other places than those specified in the deed, then the prohibition is contrary to public policy and consequently null and void. In support of this contention our attention is called to a number of authorities holding that a contract that provides for the erection of a depot at a particular place and prohibits the erection of others within prescribed limits, is against public policy. Among the cases so holding are St. Joseph & Denver R. Co. v. Ryan, 11 Kansas, 602, 15 Am. Rep., 357; Marsh v. Fairbury R. Co., 64 Ill. 414, 16 Am. Rep., 564; Williamson v. Chicago R. Co., 53 Iowa 126, 36 Am. Rep. 206; Beasley v. Texas Pacific R. Co., 191 U. S., 492, 48 L. Ed., 274. As illustrating the reasons upon which the principle anounced in these cases rests, we

may take the Ryan case as an example. There the deed in question stipulated for the erection of a depot at a designated place and prohibited the erection of any other depot within three miles of that place. The condemnation of the restriction was put upon the ground that the public interest was concerned and might be injuriously affected by the limitation. The court said:

"Railroad companies are private corporations; yet they are declared to be quasi public agencies, and their roads subserve to a certain extent public purposes. * * * It would seem to follow that the public has a right to say that they shall not be permitted, through private corporations, to make any contract which would prevent them from accommodating the public in the matter of transportation and travel. * * * A contract that they will not discharge, or by which they cannot discharge those obligations, is a breach of that public duty, and cannot be enforced. * * * The number and location of the depots, so as to constitute reasonable depot facilities, vary with the changes and amount of population and business. A contract to leave a certain distance along the line of the road destitute of depots, is in contravention of this duty."

With the principle laid down in this and the other cases that follow it, we have no fault to find. But, clearly the conditions presented by this record do not call for and would not justify the application of the doctrine announced. Here the railroad company was authorized to erect both a passenger and freight depot within a few feet of the place where a depot was prohibited. The rights of the public could not be materially or at all prejudiced or affected in any way by the prohibition against the erection of a depot in the prohibited place. But, aside from this, the public cannot be interested in this suit brought by appellee to recover damages for breach of a contract. She is not seeking to prohibit the erection of a depot at any place the company chooses to locate it. Nor is she asking that the depot it has erected shall be removed. She only demands that the railroad company shall compensate her for the privilege of putting it where it is located. It is, therefore, manifest that with this controversy the public can have no concern. It is purely a private matter affecting alone the private rights between the parties to the litigation.

It is further contended that appellee has by her conduct waived the right to complain of the erection of this

depot or to ask compensation in the way of damages for its erection. This is put upon the ground that soon after the deed was made to the contracting and building company the grantors conveyed to the Chattaroi Railroad Company a narrow strip of land between the lot retained with the residence and the land conveyed to the contracting and building company, and parallel with it, without placing in the deed to it any restriction or condition as to the location of a depot or other building. The case of Duncan v. Central Passenger R. Co., 85 Ky. 525, is relied upon to support appellant's theory, and the argument is made that although the grantors may have contemplated when the deed to the constructing and building company was made the prohibition of the erection of any buildings that would obstruct their view, that this object or scheme was abandoned when the deed was made to the Chattaroi Railroad Company without any restrictions. But, here again the conditions surrounding the parties must be taken notice of as well as the purpose for which the deed to the railroad company was made. The strip of land conveyed to it is only 45 feet wide at one end and 21 feet at the other, and it is shown not to have been suitable for the erection of depots or other buildings; and further, that it was never intended that any building should be erected on it. From these facts, it is apparent that in failing to insert any limitation in the deed there was no abandonment or waiver of the conditions imposed in the deed to the constructing and building company. The facts do not bring the case within the rule laid down in the Duncan case.

Wherefore, the judgment is affirmed.