## Atkins v. Atkins' Administrator, et al.

(Decided May 20, 1924.)

### Appeal from Todd Circuit Court.

1. Husband and Wife—Wife May Bind Herself for Necessaries.—Although Ky. Stats., section 2130, makes husband liable for necessaries furnished to wife, yet wife may under section 2128 contract and bind herself for such necessaries.

2. Husband and Wife—Antenuptial Contract Providing Wife shall be Liable for Her Necessaries Not Void.—An antenuptial contract providing that after marriage wife shall be liable for her necessaries is not void as between the parties as against public policy, under Ky. Stats., sections 2128, 2130.

3. Contracts—Intention of Parties to be Ascertained from Terms if Possible.—Fundamental rule in interpretation of contracts is to ascertain from their terms, if possible, intention of parties, and to give them such construction as will carry out that intention.

4.  Contracts—Situation and Circumstances of Parties Considered to
    Aid Court in Determining Intention.—To aid court in determining
    intention of parties, it may consider their situation and circum-
    stances, conditions surrounding them at time of making of con-
    tract, and object intended to be accomplished.

5.  Husband and Wife—Antenuptial Contract Held to Contemplate
    Wife should Pay for Her Necessaries.—An antenuptial contract
    containing the words, "that each is possessed of ample means to
    support himself" and property of each is "to pass to the heirs of
    the one so dying just as if said marriage had never taken place,"
    held to contemplate that wife should pay for her necessaries and
    that her personal representative should be liable therefor on her
    death, under Ky. Stats., sections 2128, 2130.

6.  Wills—"Debts" in Will of Married Woman Held to Include Her
    Necessaries.—Word "debts" in will of married woman held in-
    tended to include such things by way even of necessaries as she
    had contracted for herself, notwithstanding Ky. Stats., section
    2130, in view of antenuptial contract.

S. WALTON FORGY for appellant.

PETRIE & STANDARD and S. Y. TRIMBLE for appellees.

OPINION OF THE COURT BY SANDIDGE, COMMISSIONER—
Reversing.

On the 6th day of April, 1910, J. J. Atkins, a widower,
and Mrs. S. H. Johnson, a widow, in contemplation of
marriage, entered into a written antenuptial contract.
Shortly thereafter they married and from then until her
death some time in the year 1923 they lived together as
husband and wife in her home in Elkton, Kentucky. After
the marriage Mrs. Atkins made and published a last will
and testament. When her will was probated, the execu-
tors nominated by it declined to qualify and D. M. Butler
qualified as her administrator with the will annexed.
After the qualification of the administrator, a contro-
versy arose between him and J. J. Atkins, the surviving
husband, as to which of them should pay the physicians'
and nurses' bills incurred during the last illness of Mrs.
Atkins and the expenses of her funeral and burial. A
proceeding was instituted in the Todd circuit court by
appellant, J. J. Atkins, as plaintiff v. D. M. Butler, ad-
ministrator with the will annexed of Mrs. J. J. Atkins,
deceased, and the creditors to whom the foregoing bills
were owing for a settlement of the controversy under the
provisions of the Declaratory Judgment Act. The chan-
cellor adjudged that appellant, J. J. Atkins, should pay

the bills in question.  This is an appeal from that judg-
ment and the questions in issue in the court below are
now in issue here.

The determination of the questions presented by
this appeal necessarily involves a construction of the
antenuptial contract entered into by appellant and tes-
tatrix and her will, and also any statutes in force relative
to them.

Section 2130 of the Kentucky Statutes of 1922 reads:

"The husband shall not be liable for any debts
or responsibility of the wife contracted or incurred
before or after marriage, except to the amount or
value of the property he may receive from or by her
by virtue of the marriage, but shall be liable for
necessaries furnished to her after marriage."

In a number of cases construing the concluding
clause of the statute, *supra*, nurses' and physicians' bills
and funeral expenses have been held to be necessaries
within the meaning of the statute above for which the
husband is liable.   Carpenter v. Hazelrigg, 103 Ky. 538,
20 R. 231, 45 S. W. 666; Long v. Beard, 20 R. 1036, 48 S.
W. 158; Brand's Exr. v. Brand, 109 Ky. 721, 22 R. 1366,
60 S. W. 704.

A careful reading of all these opinions, however,
construing that clause of the statute above, discloses that
there was neither a will executed by the deceased wife
with provision relative to nor an antenuptial contract be-
tween the husband and deceased wife to be taken into
account in determining the question involved in each of
those cases.

Section 2128 of the Kentucky Statutes of 1922 pro-
vides that a married woman may take, acquire and hold
real or personal property and sell and dispose or her per-
sonal property as if she were unmarried.  It also provides
that she may make contracts and sue and be sued as a
single woman, except with reference to the sale or mort-
gage of her real estate.   Construing that section of the
statute, in Hardiman's Admr. v. Crick, 131 Ky. 360, we
said:

"Nor do we think there is anything in appel-
lant's contention to the effect that Mrs. Hardiman's
contract was invalid because, under section 2130 of
the Kentucky Statutes of 1903, the husband is made
liable for necessaries furnished to the wife after
marriage.   This may be true, but it does not deprive

the wife of the power to make a contract to pay for such necessaries. By section 2128 of the Kentucky Statutes of 1903, she is empowered to make contracts and sue and be sued, as a single woman, except that she may not make any executory contract to sell or convey or mortgage her real estate, unless her husband join in such contract. By section 2137 her estate is made liable for her debts and responsibilities contracted after marriage. Having the power to contract, and having made the contract to pay for the services rendered by plaintiff, her liability to him is not in anywise affected by the fact that the law imposes upon her husband as between him and his wife the primary obligation to pay for necessaries furnished her.''

Thus it becomes manifest that although section 2130 of the Kentucky Statutes makes the husband liable for necessaries furnished to the wife during converture, yet the wife may, under section 2128, contract and bind herself for such necessaries. She may by contract make the debt for necessaries her debt.

In the case now under consideration we are confronted with the antenuptial contract of the parties. It reads:

''This contract made and entered into this the 6th day of April, 1910, by and between J. J. Atkins of the first part, and Mrs. S. H. Johnson of the second part, both of Todd county, Kentucky,

''WITNESSETH: That whereas the said parties are about to marry each other, and each is possessed of ample means to support himself and neither party desires any interest in the property of the other, either during their joint lives, or after the death of the other, and in consideration of the premises, the said parties have agreed and do now and hereby contract and agree between themselves, that upon said marriage neither shall take any interest whatever in any property then owned or thereafter in any way acquired by the other, either real, personal or mixed; and also that upon the death of either, the survivor shall have and take no right, title, interest in, or claim to, any part of the estate owned by the other at the time of his or her death—it being the intention of the parties that, during their marriage, each shall have the absolute ownership, control and manage-

ment of his or her property of every kind, free from any interference of the other or any right, claim or title thereto or therein, and each on his or her death to have the absolute right to dispose of all of his or her property as he or she may desire, and if the same be not so disposed of, then to pass to the heirs of the one so dying just as if said marriage had never taken place—the survivor of the parties hereto to receive no interest whatever in said estate of the other.

"In testimony of all of which, witness the hands of the parties.

"J. J. ATKINS,
"MRS. S. H. JOHNSON."

It is contended by appellant that the antenuptial contract clearly provides and its terms show the intention of the parties to have been that after the marriage each of the parties to the contract should be responsible for and pay his or her own debts even for necessaries, and that therefore the physicians' and nurses' bills and cost of decedent's funeral and burial should be paid by her administrator. Appellees contend (1) that no such interpretation can be given the contract, and (2) that if the contract did so provide it would be void. We will dispose of the last contention first.

The theory upon which appellees contend that an antenuptial contract would be void if it should provide in express terms that after the marriage the wife should be liable for her necessaries, in the face of section 2130 of the statutes, which provides that the husband shall be liable for necessaries furnished to the wife, is that the public policy of the state with reference to the matter has been declared by the statute above and that a contract in contravention of it would be void as against public policy. We concede without question that such a contract would be void in so far as it might affect third parties; that such a contract could not be relied upon as between the husband and tradesmen who furnish necessaries to the wife if she is insolvent to relieve him of the liability imposed by the statute. But would it be true that as between the husband and wife such a contract would be void as against public policy because in violation of the provisions of the statute above? Section 2132 of our statutes declares that a surviving wife is entitled to dower in all the lands of which her husband

was seized and possessed during coverture. It also de-
clares that she is entitled to an absolute estate in one-
half of his surplus personalty. If the husband under-
takes to evade this statute by testamentary disposition
of his estate, section 1404, Kentucky Statutes, declares
that the wife may renounce the provisions of his will and
take of his estate under the law. The public policy of
the state is as strongly declared with reference to these
matters as it is with reference to the husband's liability
for necessaries furnished to the wife, and yet any num-
ber of antenuptial contracts made in contemplation of
marriage which superseded those provisions of our stat-
utes have been upheld and enforced. Hence, we con-
clude that an antenuptial contract which provides that
the parties to it as between themselves shall be liable for
their respective necessaries is not void upon the ground
contended by appellees.

We then are confronted with the question presented
by the contention of appellant and appellees, respectively,
as to whether or not the contract made by J. J. Atkins and
Mrs. S. H. Johnson by its terms provided that she should
pay such of her expenses as might be incurred during the
marriage as come within the term "necessaries," as
used by the statute above. The fundamental rule in the
interpretation of contracts is to ascertain from their
terms, if possible, the intention of the parties and to give
them such construction as will carry out that intention.
A rule of likewise universal application is that to aid the
court in determining the intention of the parties it may
consider their situation and circumstances, the conditions
surrounding them at the time of the making of such con-
tract and the object intended to be accomplished thereby.
Keen v. Ross, 186 Ky. 256, 216 S. W. 605; Lexington &
Big Sandy Railway Co. v. Moore, 140 Ky. 514, 131 S. W.
257; Nelson Creek Coal Co. v. West Point Brick & Lum-
ber Co., 151 Ky. 835, 152 S. W. 929, and Owens v. Georgia
Life Insurance Co., 165 Ky. 507, 177 S. W. 294. Among
the other things said in the contract, we find the follow-
ing:

"That whereas the said parties are about to
marry each other, and each is possessed of ample
means to support himself, and neither party desires
any interest in the property of the other either dur-
ing their joint lives, or after the death of the other,
etc."

What did the parties have in mind when they used the words "and each is possessed of ample means to support himself?" That expression is found in the recitation of the premises constituting the consideration fo the contract they made. Can we give that expression any other interpretation than that the parties had in mind as they "each possessed ample means to support himself" that they each intended so to do in carrying out the contract? The word "necessaries" used in the statute covers just such things as must be furnished to "support" oneself. The stipulations of the contract, based on the consideration recited by the premises, of which the above is a part, provided, among other things:

> "And each on his or her death to have absolute right to dispose of all of his or her property as he or she may desire, and if the same be not disposed of then to pass to the heirs of the one so dying just as if said marriage had never taken place."

It is contended by appellant that the concluding phrase of the contract just quoted, read in connection with the recitation in the premises that "each is possessed of ample means to support himself," can be interpreted to mean only that it was the intention of these parties each to support himself or herself during the marriage and to charge his or her estate upon the termination of the marriage by the death of either with the payment of the debts and liabilities for which the estate of an unmarried person, man or woman, would be bound. The conclusion that that contention is right can hardly be avoided. How can it be said that the estate of Mrs. Atkins would pass to her heirs just as if no marriage had taken place unless her estate be charged with the expenses incident to her last illness and the cost of her funeral and burial? It is certainly true that if she had not married her estate would have been charged with these expenses. If her estate is relieved of paying these expenses it will not pass to her heirs as if no marriage had taken place. To give the contract any other interpretation we would have to discard the clause of the preamble reciting that "each is possessed of ample means to support himself," and the clause of the contract proper reading, "and if the same be not disposed of, then to pass to the heirs of the one so dying just as if said marriage had never taken place."

If we are in doubt what the parties intended by the terms of the contract, we may call to our aid the condition of the parties and the circumstances surrounding them when the contract was made and the construction of the contract, if any, put upon it by the parties themselves. Collins, etc. v. Bauman, etc., 31 Ky. L. R. 455; Beach on "The Modern Law of Contracts," vol. 2, sec. 1299; Consolidation Coal Co. v. Gibbs, 190 Ky. 717, 228 S. W. 416; Piercy v. L. & N. R. R. Co., 198 Ky. 477, 248 S. W. 1042. The evidence discloses, without contradiction, that at the time this contract was entered into, the appellant was more than sixty years of age and his prospective wife more than seventy years of age. He had one child, she had none. He was possessed of property worth six or seven thousand dollars, while she was possessed of an estate worth perhaps seventy-five thousand dollars. The uncontradicted evidence establishes beyond question that throughout their married life of more than ten years they placed the construction upon this contract that appellant now contends should be placed upon it; that is, that he paid for his necessaries and she for hers. It was even shown that while on their bridal trip, taken immediately after the marriage, he paid his own expenses and she paid hers. Mrs. Atkins was sick a great portion of their married life and she employed her nurses and physicians and paid them herself. To save intricate accounts and accounting between them, they solved the problem of the division of expenses for the food they ate and cost of its preparation by having him pay to her board at a stipulated rate per month, and this arrangement was in effect throughout their married life. Under that arrangement she paid all the servants. She paid the tradesmen from whom it was purchased for all the necessaries by way of foodstuff used by them. She bought and paid for all of her clothing, while he bought and paid for his.

In view of these facts, manifesting the construction placed upon the contract by the parties themselves, considered with the contract itself, we can not conclude that the antenuptial contract entered into by these people is not broad enough in its terms to make the estate of Mrs. J. J. Atkins, as between her heirs and appellant, liable for the expenses of her last illness and her funeral and burial. Unless we do so her estate would not pass to her heirs as if this marriage had never taken place, and that is one of the express provisions of the contract. We

have seen by authority of Hardiman's Admr. v. Crick, *supra,* and by virtue of section 2128 of the statutes that a wife may contract with third persons to make herself liable for necessaries, and we conclude that she may by antenuptial contract, as between herself and her husband, relieve him of the liability imposed by section 2130 of the statutes. We conclude also that by the contract in question, as between herself and her estate and appellant, Mrs. Atkins relieved appellant of the duty imposed by section 2130, *supra,* to pay for her necessaries.

Supplemental to the foregoing, let us consider that after the making of the antenuptial contract above by the parties and after their marriage, Mrs. Atkins published a last will and testament. The residuary clause of her will reads as follows:

> "Whatever is left of my estate after my debts are paid, and the before-mentioned bequests are satisfied, I wish to have divided equally between my nephews and nieces (naming them)."

What was the testatrix's intention as expressed by this language? It is contended by appellees that testatrix intended merely to provide that the obligations she had incurred to certain educational and benevolent institutions be paid out of her estate before the remainder should be divided among the residuary legatees. We feel that such a construction would be a narrow one indeed when we take into account the fact that by specific devises by her will testatrix took care of all the obligations she had made to these educational and benevolent institutions and by the clause of her will quoted above she devised her residuary estate left after her debts were paid and after such bequests were satisfied.

We can not believe testatrix used the word "debts" in the clause of her will quoted in its narrow technical sense, intending to exclude such things as the husband, in the absence of a contract to the contrary and the antenuptial agreement in force between them, would be liable for under section 2130, *supra.* We are of the opinion that the word "debts" as here used was intended by testatrix to include such things by way even of necessaries as she had contracted for herself, and those things for which, by the terms of the antenuptial contract in force between them, she had agreed that she would be responsible and such things as her estate would have been liable for if the marriage had not taken place. She charged

her residuary estate, which she devised to certain nephews and nieces, with the payment of such debts. She devised to these nephews and nieces only the portion of her estate that was left after the specific bequests were satisfied and after these debts were paid. If the residuary estate should be relieved of paying the debts in controversy herein, it would be increased that much more than testatrix evidently intended it should be.

When we take into account the situation of the parties, the antenuptial contract that they made, the construction that they placed upon the contract throughout their married life, the clause of her will in question, and all the statutes relative to the questions here presented, we are of the opinion that the physicians' and nurses' bills and the expenses of the funeral and burial and the cost of tombstones at the grave of testatrix are all proper charges against her estate and that they should be paid from her estate by her administrator with the will annexed.

The court below having adjudged to the contrary, the judgment is reversed and this cause remanded for further proceedings consistent herewith.