## Peters v. Mullins, et al.

(Decided November 10, 1925.)

### Appeal from Laurel Circuit Court.

1. Contracts—Courts in Construing Contracts Charged with Duty to Ascertain and Carry Out Intent of Parties.—Courts in construing contracts are charged with the duty to ascertain from language used the intent of the parties, and to carry out such intent.

2. Contracts—Courts May Call to Aid Conditions of Parties and Surrounding Circumstances when Contract Made to Dispel Doubt or Ambiguity Therein.—In construing contract, court may consider conditions of parties and surrounding circumstances to dispel doubt or ambiguity therein.

3. Vendor and Purchaser—Provision in Deed Construed as Guaranty of Vendee's Investment by Vendor, and Vendee Entitled to Return of Purchase Money Paid—"Able to Pay."—Deed by vendor to his son-in-law, providing that, in case grentee "fails to be able to pay purchase money and land is to be sold therefor," vendor would refund his payments, held to be guaranty of grantee's investment; the provision for repayment contemplating his ability to pay from his income without sacrificing other property in excess of his statutory exemptions.

HENRY C. HAZELWOOD for appellant.

ROY W. HOUSE for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—Affirming.

On April 15, 1922, John M. Peters executed and delivered to James H. Steele a deed by which he conveyed to him a particular tract of land containing 80 acres lying in Laurel county, Kentucky. As consideration for so doing Steele paid to Peters $1,000.00 in cash, and executed to him two promissory notes for $1,000.00 each, due in one and two years, with lien retained on the land to secure their payment.

The deed, in addition to the usual clauses found in deeds conveying title in fee simple with covenant of general warranty, contained the following stipulation: "In case second party fails to be able to pay purchase money and land is to be sold for purchase money, party of the first part agrees that party of the second part is to have what he paid on it." Before the first of the two notes became due John M. Peters assigned them to appellant,

Rosa B. Peters. Before the first note fell due the payer, James H. Steele, died without having paid any part of either of them. Afterwards appellant, Rosa B. Peters, instituted this action in equity against appellees, the administrator and heirs of James H. Steele, to collect the two $1,000.00 notes by a sale of the land under the purchase money lien. The administrator answered pleading the provisions of the above quoted portion of the deed and claiming that James H. Steele had never been able, within the meaning of that provision of the deed, to pay the purchase money lien notes, and that when he died he was not able to do so, and asking therefore under the stipulation, *supra,* that the first $1,000.00 realized out of the sale of the land be paid to him as administrator. Issue was joined by a reply and when tried below the chancellor adjudged that the real estate be sold and that from the proceeds of the sale there be paid first to Steele's administrator the sum of $1,000.00, and that the remainder of the purchase price or enough of same be paid to appellant to satisfy the two notes sued on. This appeal has followed.

The controversy centers around the stipulation of the deed quoted above and the decision turns upon its construction. It is fundamental that courts in construing contracts are charged with the duty to ascertain the intention of the parties from the language used by them in the instrument considered as a whole and to carry out that intention. If there be doubt or ambiguity as to what the parties intended by the language used by them, courts may call to their aid the condition of the parties and the circumstances surrounding them when the contract was made and the object sought to be accomplished by making it to dispel the doubt or ambiguity. Those principles are so well established and so universally applied in this judisdiction as to need no citation of authority.

In this court's efforts to so construe the covenant, *supra,* as to carry out the intention of the parties, as appears from their use of that particular language, the court feels no hesitancy in calling to its aid all the light that may be shed on the subject by taking into account the condition of the parties and the circumstances surrounding them and the object sought to be accomplished by placing that provision in the deed.

It appears that James H. Steele, to whom the tract of land was conveyed, was a son-in-law of the grantor,

John M. Peters. At the time the deed was made Steele paid on the tract of land all of his available cash. He then owned a farm containing 218 acres, worth, according to the testimony, approximately $4,000.00. His personal estate, consisting largely of live stock, farming implements and effects of that character, which he owned when he died, brought when sold about $450.00 more than the widow's exemptions. It is contended for appellant that as James H. Steele at all times after purchasing the tract of land from John M. Peters and at the time of his death owned the farm worth $4,000.00, he was "able," within the meaning of the stipulation quoted above, to pay the purchase money, and that therefore his administrator is not entitled under it to recover the $1,000.00 purchase price paid by him on the tract of land. On the other hand, appellees contend that he was never "able," within the contemplation of the parties, to pay the purchase price, and that therefore his estate was entitled to recover the $1,000.00 paid. It will be observed by closer consideration of the stipulation that Steele's ability to pay does not stand alone. The stipulation provides that if he "fails to be able to pay purchase money *and* land is to be sold for purchase money" he shall receive back what he paid in cash on the land. In view of the fact that the parties to this contract (father-in-law and son-in-law) when they entered into it both well knew that the son-in-law then owned a $4,000.00 farm that made him good for the $2,000.00 debt he contracted on the new farm and "able," within the legal acceptance of that term, to pay for it, if the parties used the word "able" in its legal acceptation, then the entire stipulation was useless and meant nothing. If the parties to the deed used the word "able" as meaning that if Steele had property in excess of exemptions liable for the debt he created he was "able to pay," within their contemplation. There was no occasion at all for inserting the stipulation quoted into the deed and it in effect has no meaning because they both knew he had such property. For that reason and in view of the fact that the parties coupled the two propositions together; that is, Steele's inability to pay the purchase money and the selling of the land for the purchase money, it seems clear to the court that the parties did not use the word "able" as meaning that Steele would not be entitled to a refund of the $1,000.00 paid by him on the tract of land purchased

if he had property enough out of which by judgment, execution, levy and sale the balance of the purchase money might be made. Considering the words of the covenant in the light of the facts and circumstances surrounding the parties, it rather seems that Steel's ability to pay was intended by the parties to be confined to his ability to pay out of the income from the estate he had and the farm he was purchasing, and that if to pay the debt incurred in purchasing the tract of land resort would have to be had to a sale of the land, then Steele was entitled to a refund of the $1,000.00 paid by him on the purchase price. In was a father-in-law dealing with a son-in-law. By inserting the stipulation into the deed it is evident that the father-in-law was guaranteeing to the son-in-law that he would not lose by the investment. If the property being conveyed to him should have to be sold to pay the purchase money lien notes, the effect of the stipulation was to guarantee to the son-in-law that the farm would bring as much as he was paying for it; because, in that event, by the terms of the covenant, the grantor guaranteed to the purchaser his money back.

With that view of the intention of the parties, gathered from the language they used in the light of the circumstances surrounding them, it does not appear that Steele was "able" at any time to pay the balance of the purchase price but that the land had to be sold to pay same. Under those conditions the parties agreed that Steele should have a refund of the $1,000.00 paid by him on the land. The chancellor so held. The judgment entered conforms to the opinion herein expressed.

The judgment is therefore affirmed.