## Hauck et al. v. Jordan et ux.

(Decided October 3, 1930.)

A. E. STRICKLETT for appellants.

STEPHEN L. BLAKELY for appellees.

Opinion of the Court by Drury, Commissioner—
Affirming.

Anthony Hauck and son seek to reverse a judgment for $639 recovered against them by Robert Jordan and his wife, Ida Jordan. On September 6, 1927, the Haucks and the Jordans entered into a contract by which the Haucks sold to the Jordans a 40-foot lot situated on the north side of the Parkway in Covington, Ky., and located 34 feet east of Altamont avenue. The Haucks were to grade this lot and build upon it a house which was to be, except in some minor detail, a duplicate of a certain house in Ludlow, Ky., known as the "Hughes house," and for this the Jordans were to pay the Haucks $7,200. Some minor changes in the plans relative to the garage were later agreed upon and satisfactory reduction made in the price.

On April 28, 1928, the work was completed, the Jordans paid, and the property was conveyed them. This work was all right in fair weather, but it rained. Soon the roof began to leak, and the terrace slipped and slid down. The concrete steps leading to the house were found to have been erected on loose earth over the trench wherein the sewer pipe, the water pipe, and the gas pipe had been placed; this earth settled, the concrete steps went down with it, and their weight broke the sewer connection and the gas and water lines. The Jordans complained to the Haucks and they made promises of repair, but did nothing. August 20, 1928, the Jordans sued the Haucks for $5,000 damages; the matter was heard before a jury with the result noted. The defense of the Haucks was a general denial, followed by an affirmative plea that the concrete steps were not included in the contract, followed by

a plea of the act of God, consisting of an unusual rainfall in June, 1928, which the Haucks alleged was the cause of all these happenings. Unless the court erred in the admission or rejection of evidence or in instructing the jury, this verdict cannot be disturbed.

The Haucks contend the court erred in admitting evidence of the cost of reconstructing these concrete steps because there is not, as they contend, any provision of the contract calling for their construction.

It is true there is no specific mention of concrete steps in the contract, but it requires the Haucks to duplicate the "Hughes house," which the proof shows was provided with steps, not so many as were necessary here, but still there were steps to the "Hughes house," and these parties must have contemplated such for this house. Without anything ever being said at any time about steps, the Haucks constructed the steps in front of this house. They construed the contract as calling for such, and they must answer in damages if they were defectively constructed and became worthless because thereof. "Where parties to a contract of doubtful meaning have given it a practical construction by their conduct, such construction is entitled to great, if not controlling weight in determining its proper interpretation." Dotson v. Big Sandy C. & C. Co., 211 Ky. 384, 277 S. W. 474. See also, Campbell v. Fowler, 226 Ky. 548, 11 S. W. (2d) 423, and 13 C. J. 546, sec. 517.

This evidence was properly admitted.

The next complaint of the Haucks is that the court should not have admitted evidence concerning cost of constructing a retaining wall. One witness for the Jordans was allowed, over the objection and exception of the Haucks, to state it cost $350 to construct that wall. Only seven more words were said before the court changed his ruling and excluded that evidence, whereupon the Haucks moved the court to set aside the swearing of the jury and continue the case. The court overruled this motion and said: "The jury will not consider any testimony pertaining to the retaining wall." This the Haucks contend was prejudicial, but we do not so regard it. The Haucks contend that, as the evidence shows the Jordans accepted and paid for the house, therefore they were entitled to have the jury instructed peremptorily to find for them. If these defects sued for

had then been apparent, the Haucks might be right, but they were not, and we can see no reason why the Jordans should not be permitted to sue for latent defects then existing and shortly thereafter disclosed. If in this settlement the Jordans had given the Haucks a check that was not paid when presented or had given the Haucks currency, a portion of which later proved to be spurious, no one would say the Jordans would not have to make that good, so why should not the Haucks have to make good a house which leaked the day the Jordans moved into it, and the construction of which was such that within 90 days it became untenantable and the Jordans had to move out? This case reminds us of Ward v. Qualls, 229 Ky. 662, 17 S. W. (2d) 739.

The peremptory instruction was properly refused; the other instructions offered by the Haucks were given by the court, one in the form offered, and the others with but slight modifications.

We find no error prejudicial to the Haucks. The judgment is affirmed.