## Garrison v. Hansford.

(Decided June 6, 1934.)

E. C. MOORE for appellant.

CHARLES F. MONTGOMERY for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming.

In 1920 A. J. Garrison subdivided his farm and sold it at auction in parcels. The front tract, designated as No. 4, was good land and was platted and represented as containing 45 acres. Tract No. 5 back of it was rough land and it was platted and sold as containing 48 acres. W. L. Hansford, his brother-in-law, became the purchaser of these tracts. He bid $5,700 for No. 4, and $2,148 for No. 5. When the two parcels were offered together, he claims there was no other bid and he got them under his separate bids, while Garrison says that he had raised his separate bids by $25. There are some other differences in the details which are not very material, and we think the evidence fully sustains the chancellor's finding that the sale occurred about as stated by Hansford and that finding is not really questioned on the appeal. A few months elapsed before the deed was executed and delivered for the property. In it the two parcels were described as one boundary containing 93½ acres, more or less, and the purchase price was recited as being $7,848. Hansford paid one-third

of the consideration in cash and executed five notes for the balance.

Before all of the notes had been paid, he discovered that the more valuable tract which he had bought at the rate of $126.66 2/3 an acre contained only 34⅞ acres instead of 45, and the rough land which he had bought for $44.75 an acre contained 57⅝ acres instead of 48, so that while there was but a small difference in the total acreage purchased and conveyed, there was a material difference in the acreage of each of the two separate parcels; consequently, Hansford had paid and promised to pay too much for the more valuable tract and too little for the lesser one. When Garrison sued to recover the balance on the notes and to enforce his lien on the land, Hansford set up the deficit in acreage of one tract and the excess in the other as a counterclaim. The court credited the debt by $850.30, being the difference in money between the deficit and the excess in area. Garrison questions that judgment on the appeal.

He invokes the rule that all verbal agreements and negotiations became merged in the deed, and insists that in the absence of an allegation of fraud or mistake, evidence concerning the representations at the auction sale should not have been heard, and that since the deed called for 93½ acres for a lump sum consideration and there was but a small shortage in the whole farm, the right to recover on account of the difference in money was not established. The cases of Hopkinsville Motor Company v. Massie, 228 Ky. 569, 15 S. W. (2d) 423, and Riner v. Catron, 230 Ky. 290, 19 S. W. (2d) 970, are relied upon. While the rule stated and applied in those cases is closely analogous and it is the general rule that parol evidence is not admissible to vary terms of a written instrument unless it is alleged that there was fraud or mutual mistake in the execution thereof, through many years a distinction has been recognized in cases of this sort when the issue is as to representations with respect to acreage or whether the property was sold in bulk or by the acre. The reasons are pointed out in Boggs v. Bush, 137 Ky. 95, 122 S. W. 220. The very essence of a suit of this character is fraud or mutual mistake (Jordan v. Howard, 246 Ky. 142, 54 S. W. [2d] 613), and it has been held time and again that it is not necessary in suits of this character to allege either fraud or mistake in the execution of the deed when the facts are such that the law will impute either fraud or

mistake. Application of this particular rule and reference thereto is to be found in Taylor v. Williams, 199 Ky. 154, 250 S. W. 820, Cook v. McKee, 235 Ky. 1, 29 S. W. (2d) 571, and many other cases. The evidence was, therefore, competent, and we conclude that the court was correct in adjudging relief to the purchaser.

Judgment affirmed.