## Swinney et al. v. Davidson et al.

Nov. 17, 1942.

Woods & Woods and Lovel Liles for appellants.

John F. Coldiron for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This action involves a deficiency in the number of acres of land conveyed by the appellants to the appellees in exchange for other property and $4,500 in notes executed by the appellees.

The appellees, plaintiffs below, charge that they paid $7,000 for what was represented to them as 106 acres of land, whereas the tract contained only 71.83 acres, and also that they purchased certain livestock and farming implements for $1,000. The position of the appellants is that the sale or trade was by the boundary, regardless of the number of acres, and there was no agreement as to the price of the land conveyed by them. They also offered to place the appellees in statu quo, but a demurrer was sustained to this plea. The trial resulted in a judgment in favor of the appellees in the amount of $1,-710.17. This judgment was based upon the finding of a deficiency of 25.9 acres at a price of $66.03 an acre.

We are asked to reverse the judgment on the grounds

that (1) the evidence preponderates greatly in favor of the appellants; (2) all prior negotiations were merged in the deed; and (3) the refusal of the appellees to be placed in statu quo is a complete defense to their petition.

Davidson testified that he learned through a real estate agent that Swinney was offering his farm for sale for $8,000. He visited the property on at least two occasions and while there he said that Swinney represented to him that the boundary contained 106 acres—80 acres in bottom land and 26 acres in hill land. He proved by other witnesses that Swinney had been offering the property for sale for $8,000 and that he had represented that it contained 106 acres. He proved also that a survey had been made of the property at the time Swinney purchased it in 1936, showing that the boundary contained about 72 acres. Swinney denied that he represented that the boundary contained 106 acres, but admitted that he said that ''he had been told,'' or that ''he understood,'' that the boundary contained that many acres. While he denied that he knew the results of the survey at the time he purchased the property, he admitted that he knew them at the time he conveyed the land to Davidson. The deed made no reference to the acres, and, of course, Swinney relies upon that deed as a bar to Davidson's recovery. Davidson, of course, relies upon the representations heretofore mentioned, as well as a contract concerning the livestock which was entered into by the parties just after the deed was signed. It was recited in this contract that the appellants had that day sold and conveyed to the appellees their farm of about 106 acres. Swinney admitted that the deed and the contract grew out of the same transaction. The two writings were executed at the same time and both related to the land trade between the parties. Therefore, they should be interpreted together in determining the intention of the parties. Veech v. Deposit Bank of Shelbyville, 278 Ky. 542, 128 S. W. (2d) 907; Terrell v. Cheatham, 200 Ky. 667, 255 S. W. 262.

It is our view that the evidence preponderates greatly in favor of the appellees rather than the appellants. True it is that there was a trade of properties and that the deed made no reference to any quantity of land, but we have no hesitancy in saying from our examination of the record that we think Swinney led Davidson to be-

lieve that the boundary contained 106 acres. Furthermore, we have noted that he admitted that he knew prior to the time he conveyed the property to Davidson that the 1936 survey showed only approximately 72 acres.

An action such as this is based upon mistake or deceit, and an allegation of fraud or mistake is not necessary. Boggs v. Bush, 137 Ky. 95, 122 S. W. 220; Garrison v. Hansford, 254 Ky. 768, 72 S. W. (2d) 468. Such cases are distinguished from those wherein it has been said that all verbal agreements and negotiations between the parties to a contract become merged in the written instrument. Garrison v. Hansford, supra. Furthermore, the court may look to extraneous evidence to show the nature of the transaction to determine whether a sale was in gross or by the acre, or whether, under the circumstances of the particular case, equity requires the granting of relief. Boggs v. Bush, supra, and cases cited therein.

An accurate survey of the property showed that it contained some 80 acres, and it was upon the basis of that survey that the court found the shortage of 25.9 acres. The deficiency greatly exceeded 10 per cent, so the chancellor was justified in making a finding in favor of the appellees. Recovery may be had where the deficiency is sufficient to warrant it, notwithstanding the fact that the sale was in gross or by a boundary of land, and where the evidence warrants such recovery. Salyer v. Blessing, 151 Ky. 459, 152 S. W. 275.

A demurrer was sustained to the part of the answer of the appellants wherein they offered to rescind the trade. They confessed that that paragraph did not fulfill the requirements of the Civil Code as to a counterclaim. They now point out that the plea was not stricken from the record, and that it was made in good faith and constituted a good defense, since the parties, as they contend, could be placed in the same position as before the trade was made. We think a demurrer was properly sustained, because the very nature of this character of action would preclude such a defense. Swinney's deceit was the basis of the appellees' action and he should not be heard now to contend that he is willing to trade back, to say nothing of the fact that many elements could have entered the picture, making it impossible to restore completely the parties to their former positions.

Complaint is directed to the price of $66.03 per acre as determined by the chancellor. We think the evidence warrants that determination. It is admitted that Swinney had priced his land at $8,000 prior to the time he traded it to Davidson and that livestock and farm implements amounted to about $1,000. This left $7,000 for the land. There is evidence also that the property conveyed by the Davidsons to Swinney was worth about $2,500. This amount, plus the $4,500 in notes, totaled $7,000. It is our rule to follow the finding of the chancellor where we entertain no more than a doubt as to the correctness of his ruling. Hudson v. Howell, 288 Ky. 422, 156 S. W. (2d) 477. Here we entertain no doubt as to the correctness of the ruling.

Judgment affirmed.