Dairy Investments, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Department of General Services and Commonwealth of Pennsylvania, Board of Claims, Respondents.

Argued May 5, 1982, before Judges ROGERS, CRAIG and DOYLE, sitting as a panel of three.

*Theodore Goldberg*, with him *James J. Flaherty, Baskin and Sears*, for petitioner.

*Gary F. Ankabrandt*, Assistant Counsel, with him *Anthony P. Krzywicki*, Chief Counsel, *Jay C. Waldman*, General Counsel, and *LeRoy S. Zimmerman*, Attorney General, for respondents.

OPINION BY JUDGE ROGERS, June 2, 1982:

Dairy Investments, Inc. has appealed from an order of the Board of Claims sustaining the preliminary objection of the Commonwealth, Department of General Services to the Board's jurisdiction and dismissing Dairy's claim for rents allegedly due and unpaid by the Commonwealth.

The facts as alleged in Dairy's claim, filed February 6, 1981 are that Dairy as lessor and the Commonwealth as lessee entered into a written lease for Dairy's property for a term of five years beginning December 1, 1977 for a monthly rent of $4,810.46 and

that the Commonwealth failed to pay the rent for the six months beginning with August, 1980 to and including January, 1981.

The Commonwealth filed a preliminary objection entitled "Demurrer-Bar of Non-waivable Statute of Repose," based on the six-month statute applicable to claims filed in the Board of Claims by Section 6 of the Act of May 20, 1937, P.L. 738, *as amended*, 72 P.S. §4651-6. The Commonwealth's demurrer was "speaking"—it recited that the Commonwealth notified Dairy in September, 1979 that it was about to vacate Dairy's property and that it would pay no more rent after December, 1979. Therefore, the Commonwealth contended, Dairy's cause of action based on the lease accrued not later than February 1, 1980, and expired by limitation in August, 1980.

First, a matter of pleading and practice:

Pa. R.C.P. 1017 states

(b) Preliminary objections are available to any party and are limited to

. . . .

(4) A demurrer, which may include the bar of a non-waivable statute of limitations or fraud which bars or destroys the right of action and the applicability of which appears on the face of the complaint or counterclaim.

Section 6 of the Act provides that the Board "shall have no power and exercise no jurisdiction over a claim asserted against the Commonwealth" if not filed within six months. The Supreme Court held in *Department of Public Welfare v. UEC, Inc.,* 483 Pa. 503, 515-16, 397 A.2d 779, 785 (1979), that the Section 6 limitation was waivable because it relates not to subject matter jurisdiction but only jurisdiction over the person of the Commonwealth. Since it is waivable, it could not be raised by demurrer; and this despite the

fact that Dairy raised no objection to the demurrer below. *See Royal Oil & Gas Corporation v. Tunnelton Mining Company,* 444 Pa. 105, 282 A.2d 384 (1971).

The Commonwealth's demurrer is defective for the further reason that the applicability of the limitation does not appear on the face of Dairy's claim, as required by Pa. R.C.P. 1017(b)(4). A demurrer cannot supply facts missing in the complaint. *Linda Coal & Supply Company v. TASA Coal Company,* 416 Pa. 97, 204 A.2d 451 (1964), 2 Goodrich-Amram 2nd 1017(b) :11 (1976).

Should the Commonwealth raise the six-month limitation in further proceedings in this case, we direct the Board's attention to *Pennsylvania Turnpike Commission v. Atlantic Richfield Company,* 31 Pa. Commonwealth Ct. 212, 375 A.2d 890 (1977) which we believe is materially indistinguishable, and where we held that a party's causes of action on monthly installments of rent accrue only as each such installment is due. *See also Bush v. Stowell,* 71 Pa. 208 (1872) ; A. L. Corbin, Corbin on Contracts, §§948-951 (1951).

Order reversed; record remanded for further proceedings consistent herewith.

### ORDER

AND Now, this 2nd day of June, 1982, the order of the Board of Claims is reversed and this case is remanded for further action consistent with this opinion.