RYDER, Chief Judge.
The defendants below appeal from an order of the trial court awarding to South-pointe Development, Inc. (Southpointe) a parcel of real property and a maintenance shed thereon. We reverse.
Appellants James C. Cruikshank, E.E. Simmons and Logan Smith were the partners owning Sunrise Associates. Sunrise Associates conveyed to Longboat Terrace Corporation (Longboat), the predecessor in title of appellee Southpointe, real and personal property which is a part of the Sunrise Golf Course. Confusion as to the exact property conveyed by Sunrise Associates led to Southpointe’s filing a complaint for reformation of deed and declaratory judgment.
The disputed property is owned by Sarasota Utilities, Inc., formerly known as Sunrise Utilities, Inc. It was alleged that “[o]ne or more of the individual defendants own and control defendant Sarasota Utilities, Inc. and owned or controlled defendant Sarasota Utilities, Inc., formerly known as Sunrise Utilities, Inc.” In fact, Sarasota Utilities is a corporate entity which has not been identified as one and the same with the appellants or Sunrise Associates.
The key to this case is that it appears that Sarasota Utilities, Inc. did not convey the disputed property to South-pointe or Longboat in conjunction with appellants’ conveyance of their property to Longboat. Also, it has not been shown that Sarasota Utilities, Inc. conveyed its property to the appellants. Hence, Sarasota Utilities, Inc. cannot be bound by Sunrise Associates’ real estate contract with, or the deed given to, Southpointe’s predecessor in title.
The trial court found that “the present corporate titleholder [Sarasota Util *630 ities] is charged with knowledge of the omission in the deed and with the obligation to comply with the contract; and is bound by the acts of its predecessors in title [Sunrise Utilities] in this respect.” We disagree as neither Sarasota Utilities, Inc. nor Sunrise Utilities, Inc. was a party to the first sale, and the corporate entity of Sarasota Utilities, Inc. and Sunrise Utilities, Inc. has not been shown to be a mere facade for or “alter ego” of Sunrise Associates or its partner/owner. A deed will not be reformed so as to include land not owned by the grantor. Pittman v. Fleming, 253 So.2d 497 (Fla. 1st DCA 1971), cert. denied, 259 So.2d 719 (Fla.1972). Cf. Bevis Construction Co. v. Grace, 115 So.2d 84 (Fla. 1st DCA 1959) (all interested persons should be joined in suit for reformation).
Therefore, we REVERSE and REMAND with instructions that this cause of action be dismissed.
SCHOONOVER and LEHAN, JJ., concur.