484 So.2d 1361 (1986)
SOUTHPOINTE DEVELOPMENT, INC. and Southpointe Development, Inc., As General Partner of Sunrise Golf Limited Partnership, Appellants,
v.
James C. CRUIKSHANK, E.E. Simmons, and Logan Smith, As Copartners d/b/a Sunrise Associates, Appellees.
No. 85-1317.
District Court of Appeal of Florida, Second District.
March 12, 1986.
*1362 Philip N. Hammersley of Trawick, Griffis & Hammersley, P.A., Sarasota, for appellants.
William A. Dooley of Thorp, Reed & Armstrong, Sarasota, for appellees Cruikshank and Simmons.
Robert C. Widman of Nelson Hesse Cyril Smith Widman & Herb, Sarasota, for appellee Smith.
PER CURIAM.
This is an appeal from a summary judgment in a real estate dispute.
The predecessor in title to Southpointe Development, Inc., contracted with appellees for the purchase of the "Sunrise Golf Course Club House, cart sheds, and maintenance sheds." After the transaction was closed, appellants filed suit against appellees for reformation and declaratory judgment contending that the description in appellees' deed mistakenly failed to include the maintenance sheds. The trial court granted reformation of the deed to include the maintenance shed property.
In Cruikshank v. Southpointe Development, Inc., 454 So.2d 629 (Fla. 2d DCA 1984), this court reversed that judgment because the record showed that the maintenance shed property, rather than being owned by appellees, was actually owned by Sarasota Utilities, Inc., a company allegedly controlled by one or more of the appellees. We held that a deed could not be reformed so as to include land not owned by the grantor.
Thereafter, appellants filed a new suit against appellees seeking damages for breach of contract resulting from the failure to convey the maintenance sheds. The trial court granted appellees' motion for summary judgment on the theory that the provisions of the contract merged into the deed of conveyance. Southpointe now appeals that judgment contending that there are unresolved material issues of fact relating to the parties' intention to convey the property in question and to whether the omission was a mutual mistake.
As a general rule, all preliminary agreements and understandings leading up to the sale of real estate merge in the deed. Opler v. Wynne, 402 So.2d 1309 (Fla. 3d DCA 1981). However, the principle of merger does not apply in cases of mistake. McGraw v. Richardson, 459 P.2d 620 (Okla. 1969); Falls v. Lahmer, 157 Colo. 521, 404 P.2d 542 (1965); Berardi v. Ohio Turnpike Commission, 1 Ohio App.2d 365, 205 N.E.2d 23 (1965); Swinney v. Davidson, 292 Ky. 110, 166 S.W.2d 41 (1942); 77 Am.Jur.2d Vendor and Purchaser §§ 290, 296. Thus, 3 Corbin on Contracts § 604 states:
This doctrine of merger by deed does not purport to apply primarily to cases of mistake, whether as to title or as to other facts.
... .
If the case is one in which there was a real mistake as to title, or as to some *1363 fact on which title depends, and is a case in which the grantee did not intend to assume the risks of failure of title, there is now no good reason for refusing the appropriate form of relief that would be given in other mistake cases.
In seeking to support the application of merger, appellees point out that in the complaint filed in the present action appellants made no allegations of mistake. However, we believe that the issue of mistake was implicit in appellants' suit. In the former action appellants alleged that the parties to the contract intended for the conveyance to include the maintenance sheds and that the legal description of the shed property was erroneously omitted from the deed. It must be remembered that appellants' judgment for reformation in that case was not reversed because the evidence did not support the finding that the maintenance shed property had been omitted from the deed but only because the owner of that property had not signed the sales contract. Since appellants could not obtain reformation, their only remedy was to seek damages.
Appellees raised merger as an affirmative defense. This doctrine is inapplicable in cases of mistake. As the movants for summary judgment, appellees did not carry their burden of demonstrating that there was no material issue of fact concerning mistake in order for their defense of merger to prevail. See Seinfeld v. Commercial Bank & Trust Co., 405 So.2d 1039 (Fla. 3d DCA 1981).
The summary judgment is reversed, and the case is remanded for trial.
GRIMES, A.C.J., and CAMPBELL and HALL, JJ., concur.