HERSEY, Chief Judge.
Michael Ward appeals his conviction of sale of cocaine, basing his argument on the prosecutor’s comment, during trial, regarding appellant’s failure to call witnesses on his own behalf. We affirm.
Appellant’s defense was based upon mis-identification. Involved at the scene of the crime were Officer Rockwell (who ultimately identified appellant), paid informant Price, and Allen Burgess and John Bronson, allegedly sellers of cocaine.
During closing argument defense counsel said the following:
We do know that there were at least three other people there. You have Mr. *1064 Bronson, you have Mr. Price who was a paid informant, apparently, he will do anything for money, and also we had Allen Burgess.
For some reason the State chose not to bring in those people to corroborate or verify what the officer stated. This is not a case where we have overwhelming evidence of three or four people who are saying it happened in a particular way. You will have to go back there and speculate as to why the State didn’t call these other people. Are they not available? Did they disappear or would their version be different?
What is important is that the burden is on the State to prove each and every element of the crime beyond a reasonable doubt. In voir dire you-all indicated, I think I asked at least one of you very specifically, whether you would require Mr. Ward to come forward and to testify or present evidence. You-all indicated, no, because that is not what the law requires.
The law . requires the State to produce evidence, that they must produce enough evidence to convince you beyond a reasonable doubt. The Defendant doesn’t have to present anything at all.
I submit to you, that if the agent’s or the officer’s testimony was correct, the State would bring in these other people but you have got to ask yourselves why not. Could it be that the officer’s version wasn't entirely accurate? Why are they selecting their witnesses?
Again, that is something you will have to guess about and I suggest to you that that would be another reasonable doubt.
In rebuttal, the prosecutor argued:
As far as the other witnesses not being here, use your common sense, ladies and gentlemen. Think about what Bronson and Burgess would have testified to.
They are friends of the Defendant. Keep that in mind when you go back there to deliberate. They are all part of the thing.
The Defendant left Allen Burgess’ home after Mr. Bronson approached them there. The Defendant walked out of Burgess’ home. Bronson knew exactly where Burgess lived, and obviously, they all know one another. Keep that in mind and use your common sense as to what they would testify to if they were here today.
Ask yourselves why didn’t the defense call them? Why didn’t the defense call them as witnesses as well? They have subpoena power the same as anyone else.
It is appropriate for the state to respond to an argument by the defense that certain witnesses could have been but were not called to testify. Dixon v. State, 206 So.2d 55 (Fla. 4th DCA 1968). See also Romero v. State, 435 So.2d 318 (Fla. 4th DCA 1983), petition for review denied, 447 So.2d 888 (Fla.1984). That is precisely what occurred in this case.
AFFIRMED.
DELL and GUNTHER, JJ., concur.