552 A.2d 748

Housing Authority of the City of Pittsburgh, Appellant *v.* Charlene D. Green, Appellee.

Argued October 3, 1988, before Judges BARRY and PALLADINO, and Senior Judge NARICK, sitting as a panel of three.

*David B. Washington,* for appellant.

*Donald Driscoll,* for appellee.

OPINION BY JUDGE PALLADINO, January 10, 1989:

The Housing Authority of the City of Pittsburgh (HACP) appeals from a decision of the Court of Common Pleas of Allegheny County (trial court) which granted the preliminary objections of Charlene D. Green (Green) and dismissed the HACP's complaint in ejectment against Green.

Green is a tenant/lessee in premises located at 191 Burrows Street in Pittsburgh, a low rent housing project. By letter dated May 8, 1987, the HACP notified Green that it intended to exercise its option to terminate her lease for non-payment of rent. The letter stated that the HACP would terminate the lease fifteen (15) days after mailing of the notice unless Green paid $420.00 in owed rent. The letter further stated:

> You have a right to request a hearing on this termination in accordance with Authority lease and grievance procedure.
>
> If you wish such a hearing, you must notify your Manager and fill out a form within fifteen (15) days of the date of this notice; otherwise you will lose your right to appeal before the hearing panel. You must deposit one-half of the above amount of rent with your Manager at the time you file for the hearing and keep your rent current during the hearing procedure.

By letter dated May 26, 1987, the HACP gave Green notice to vacate within fifteen (15) days. Subsequently, the HACP filed a complaint in ejectment in the Court of Common Pleas. The complaint alleged that Green had failed to pay $74.00 per month in rent for the premises and owed the HACP a total of $716.00. The complaint demanded possession of the premises, rental arrears and current rent.

Green filed preliminary objections in the nature of a demurrer to the HACP's complaint in ejectment, alleging that the HACP had failed to comply with applicable

federal regulations concerning grievance hearings and that, therefore, the HACP had failed to state a claim upon which relief could be granted. The HACP responded with preliminary objections to Green's preliminary objections. The HACP asserted, *inter alia*, that Green had presented an affirmative defense, *i.e.*, that the action was barred by federal regulations, in her preliminary objections, contrary to Pa. R.C.P. No. 1030.[1]

In its brief to the trial court, HACP asserted that it was not bound by the federal regulations concerning grievance hearings because HUD had previously approved the HACP's alternate grievance hearing procedure. Following oral argument, the trial court entered an order sustaining Green's preliminary objections in the nature of a demurrer and dismissing the HACP's complaint. The trial court, without addressing the HACP's preliminary objections, concluded that the HACP had failed to comply with applicable federal regulations and therefore could not state a claim upon which relief could be granted. The HACP has appealed to this court. For the reasons which follow, we vacate and remand.

A housing authority is required, under the regulation found at 24 C.F.R. §966.50, to provide a grievance procedure for adversely affected tenants. The regulation at issue here, 24 C.F.R. §966.55(e), which governs grievance procedures, provides that before a rent grievance hearing is scheduled, a tenant must pay a housing authority "an amount equal to the amount of the rent due and payable as of the first of the month preceding the month in which the act or failure to act took place." The tenant is also required to thereafter deposit the

---

[1] Pa. R.C.P. No. 1030 requires parties to raise affirmative defenses in New Matter.

monthly rent into an escrow account until the grievance is resolved.

The trial court construed 24 C.F.R. §966.55(e) to authorize a housing authority to demand, prior to a grievance hearing, that a tenant deposit one month's rent. Thus, inasmuch as Green's monthly rent was $74, the trial court found that the HACP's demand for $210.00 before the scheduling of a grievance hearing conflicted with the regulation as interpreted by the trial court. Based on its construction of the regulation, the trial court sustained Green's preliminary objections and dismissed the action. Although the trial court's interpretation of 24 C.F.R. §966.55(e) appears sound, we cannot uphold the trial court's dismissal of the action.

A demurrer can be sustained only in cases that clearly and without a doubt fail to state a claim upon which relief can be granted. *County of Allegheny v. Commonwealth of Pennsylvania*, 507 Pa. 360, 490 A.2d 402 (1985). A demurrer admits as true all well pleaded facts. *Department of General Services v. Celli-Flynn*, 115 Pa. Commonwealth Ct. 494, 540 A.2d 1365 (1988). Thus, if the facts pled by the HACP could state a claim, then Green's preliminary objections in the nature of a demurrer should have been overruled. Our review of the HACP's complaint demonstrates that it does state a claim upon which relief could be granted.

Furthermore, the HACP's complaint was dismissed on the basis of Green's assertion that federal regulations barred the HACP's action. Because this is an affirmative defense, requiring proof of facts extrinsic to the HACP's claim for relief, it was improperly raised by preliminary objections. *See Dairy Investments, Inc. v. Department of General Services*, 67 Pa. Commonwealth Ct. 10, 445 A.2d 1340 (1982) (demurrer cannot supply facts missing in the complaint). As the HACP points out, the proce-

dure used in this case prevented the HACP from presenting proof of its assertion that HUD has approved an alternative grievance procedure for the HACP.

Finally, Green has asserted that the HACP is barred from raising the affirmative defense issue because it did not present that issue to the trial court. In HACP's brief to the trial court it stated: "[The HACP's] lease and grievance procedure has been previously approved by HUD and, therefore, the fact that a HUD attorney has a different interpretation is of no consequence. The approval can be shown at the time of trial." Thus, the HACP did present the issue to the trial court and the issue is properly before this court.

Accordingly, the order of the trial court is vacated and the case is remanded for further proceedings consistent with this opinion.

ORDER

And Now, January 10, 1989, the decision of the Court of Common Pleas of Allegheny County is vacated and the case is remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.