Rachel L. DONOHOE, Plaintiff,

v.

AMERICAN ISUZU MOTORS, INC., and Isuzu Motors, Limited, Defendants.

No. 3:CV–92–0839.

United States District Court, M.D. Pennsylvania.

June 9, 1994.

John J. Mahoney, Thomas R. Wilson, Crawford, Wilson, Ryan & Agulnick, P.C., West Chester, PA, for plaintiff.

John Q. McShane, Mary E. Bolkom, Anton J. van der Merwe, Minneapolis, MN, Gary L. Weber, Mitchell, Mitchell, Gray & Gallagher, Williamsport, PA, for defendants.

*MEMORANDUM*

McCLURE, District Judge.

*BACKGROUND:*

On June 19, 1992, plaintiff Rachel L. Donohoe initiated this action with the filing of a complaint against defendants American Isuzu Motors, Inc., and Isuzu Motors, Ltd. Plaintiff alleges that she was involved in a single-vehicle accident while driving a 1986 Isuzu Trooper II designed, manufactured, assembled and/or sold by defendants. The accident occurred on November 25, 1988, in Moreland Township, Lycoming County, Pennsylvania. The complaint alleges causes of action in strict product liability (Count I), negligence (Count II), breach of implied warranties (Count III), and for punitive or exemplary damages (Count IV).

Before the court are motions by defendants for summary judgment concerning plaintiffs' claims related to the seat belt in the subject vehicle and for leave to amend their answer to plaintiff's amended complaint.

*DISCUSSION:*

## I. MOTION FOR LEAVE TO AMEND ANSWER

In their motion for leave to amend their answer to plaintiff's amended complaint, served March 10, 1994, defendants seek to add spoliation of evidence as an affirmative defense. In response, plaintiff argues that spoliation of evidence is not an affirmative defense but a subject for an evidentiary ruling by the court, and so leave to amend should not be granted.

### A. Standard for Leave to Amend

■■ Amendment of pleadings is governed by Federal Rule of Civil Procedure 15, which provides in part that "leave shall be freely given when justice so requires." Fed. R.Civ.P. 15(a).[1] Amendment under Rule 15(a) would include amendment of an answer to include an affirmative defense. *Charpentier v. Godsil*, 937 F.2d 859, 863–64 (3d Cir. 1991). "Unless the opposing party will be prejudiced, leave to amend should generally be allowed." *Charpentier*, 937 F.2d at 864.[2] An exception to this general rule would be that "leave to amend may be denied where amendment would be futile because the defenses sought to be added are legally insufficient." *United States v. Fleetwood Enterprises, Inc.*, 702 F.Supp. 1082, 1085 (D.Del. 1988).

### B. Pleading of Affirmative Defenses

■■ A party defending a claim is required to plead a matter which constitutes avoidance or an affirmative defense. Fed. R.Civ.P. 8(c). Failure to plead an affirmative defense leads to waiver of the defense, *supra* note 2, unless amendment to the responsive pleading is permitted. *Charpentier*, 937 F.2d at 863–64. "Matters treated as affirmative defenses under state law are generally treated in the same way by federal courts in diversity cases." *Charpentier*, 937 F.2d at 863.

The question in this case, then, is whether spoliation of evidence is an affirmative defense. If so, then leave to amend should be granted; if not, the matter is superfluous and leave to amend will not be granted. It should be noted, also, that plaintiff's argument is that the spoliation rule is a rule of evidence. However, spoliation might be considered a defense generally, as opposed to an affirmative defense. Leave to amend would not be granted, though, because general defenses need not be pleaded and the matter raised would be superfluous in the context of an answer.[3] Neither party has attempted to

---

1. There is no question in this instance that leave of court for defendants' amendment is required, as opposed to amendment as a matter of course.

2. In an unnecessarily sarcastic footnote, plaintiff points out that defendants cited no case authority for the assertion that an affirmative defense is waived if it is not pleaded. Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Leave to Amend Answer to Plaintiff's Amend-

ed Complaint at 8 n. 3. This fundamental principle is restated in *Charpentier:* "Failure to raise an affirmative defense by responsive pleading or by appropriate motion generally results in the waiver of that defense." 937 F.2d at 863 (footnotes omitted).

3. In this context, it also might be noted that defendants' proposed amended answer, appended to the motion to amend, sets forth other

argue that spoliation of evidence is an affirmative defense under federal law, nor would such an argument appear to have merit.[4] The question, then, is whether spoliation of evidence is an affirmative defense under Pennsylvania law.

### C. Affirmative Defenses under Pennsylvania Law

In Pennsylvania, a party defending a claim must plead all affirmative defenses in its responsive pleading under the heading "New Matter." Pa.R.Civ.P. 1030. Failure to do so waives the defense. Pa.R.Civ.P. 1032. As with Federal Rule 8(c), Pennsylvania Rule 1030 provides a non-exhaustive list of affirmative defenses; neither includes spoliation of evidence.

■ The difference between a general defense and an affirmative defense is that a general defense negates an element of plaintiff's *prima facie* case, while an affirmative defense excuses the defendant's conduct even if the plaintiff is able to establish a *prima facie* case. *Lewis v. Spitler*, 266 Pa.Super. 201, 403 A.2d 994, 998 (1979) ("An affirmative defense is distinguished from a denial of the facts which make up a plaintiff's cause of action in that a defense will require averment of facts extrinsic to plaintiff claim for relief"; citations omitted). In *Lewis*, for example, "plaintiff's cause of action was complete without reference to [matters averred by defendant]." *Id.* Since "[t]hose averments tend[ed] to avoid, rather than destroy, plain-

tiff's cause of action," they constituted an affirmative defense which, not having been pleaded, was waived. *Id. See also Falcione v. Cornell School District*, 383 Pa.Super. 623, 557 A.2d 425 (1989) (rescission is an affirmative defense); *Housing Authority of the City of Pittsburgh v. Green*, 122 Pa.Cmwlth. 528, 552 A.2d 748 (1989) (landlord's failure to comply with federal regulations was an affirmative defense to an ejectment action); *Iorfida v. Mary Robert Realty Co., Inc.*, 372 Pa.Super. 170, 539 A.2d 383 (abandonment is an affirmative defense in an easement action), *allocatur denied*, 520 Pa. 576, 549 A.2d 136 (1988); *Lezzer Cash & Carry, Inc. v. Aetna Insurance Co.*, 371 Pa.Super. 137, 537 A.2d 857 (payment is an affirmative defense to an action against surety to recover costs of materials supplied for a housing construction project), *allocatur denied*, 519 Pa. 666, 548 A.2d 256 (1988).

On the other hand, the court in *Manno v. Nissel*, Civ. No. 91–301 (C.P. Elk County filed August 26, 1992), *aff'd*, 431 Pa.Super. 629, 631 A.2d 222, *allocatur denied*, 637 A.2d 288 (Pa.1993), held that "merger of title" was not an affirmative defense in an action asserting an easement over defendants' land. A somewhat detailed explication of the opinion is necessary to understand the holding.[5]

In *Manno*, the plaintiffs claimed an easement for access across the property of the defendants. Slip op. at 1. In their case in chief, the plaintiffs introduced evidence that

---

superfluous matters. For instance, the "Fourth Defense" raised by defendants is that "the Amended Complaint, in whole or in part, fails to state facts sufficient to state a claim against Isuzu." Proposed Amended Answer at 4 ¶ 14. Such a matter would more properly be raised in a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Also, this allegation does not fit the definition of an affirmative defense as set forth in this memorandum.

In addition, defendants assert in their "Second Defense" that "plaintiff failed to properly assert federal subject matter jurisdiction." Proposed Amended Answer at 3 ¶ 12. A federal district court has jurisdiction to hear a case when there is (1) personal jurisdiction and (2) subject matter jurisdiction. Subject matter jurisdiction is a general term which includes (1) federal question jurisdiction and (2) diversity of citizenship. There is no question that diversity exists in this case. Proposed Amended Answer at 1 ¶ 3.

Therefore, plaintiff has asserted federal subject matter jurisdiction.

4. *See* Part I.D, below, for discussion of spoliation of evidence as federal "evidentiary law."

5. This court normally would not rely upon the opinion of a state trial court when there are appellate court opinions consistent with the holding of the trial court. *Manno*, however, is an exception. In its slip opinion affirming the trial court in *Manno*, the Superior Court stated, "We find that the opinion filed on August 27, 1992 by President Judge Gordon J. Daghir correctly addresses the specific arguments advanced via this appeal. As we cannot improve upon Judge Daghir's excellent work, we affirm on that basis." *Manno v. Nissel*, No. 01410 Pittsburgh 1992, slip op. at 2 (Pa.Super. May 5, 1993). For the convenience of counsel, a copy of the trial court opinion is appended hereto.

an easement had been created (requiring both a dominant and a servient tenement), and that it was preserved in the chain of title to the property of the defendants. *Id.* at 2–3. At one point in time after creation of the easement, the same person owned both properties, thereby merging title and extinguishing the easement. *Id.* at 2, 6. The easement was not re-created when the dominant tenement was resold, so that, despite retention of the easement language in the deeds related to the servient tenement, no easement existed because there was not both a dominant and a servient tenement. *Id.* at 7–8.

The plaintiffs' argument that the easement was preserved by the maintenance of the easement language in the deeds of the servient tenement was rejected by the court as violating the rule that the plaintiffs were required to establish the easement on the strength of their own claim, not on a weakness in the defendants' title. The failure to re-establish the easement when the owner of the properties reconveyed the dominant tenement destroyed the plaintiffs' claim as the dominant tenement. *Id.* at 7–8.

Since the defendants had not pleaded merger of title as an affirmative defense, the trial court had to determine whether the defense was waived. As noted above, the plaintiffs were required to prove their chain of title as well as that of the defendants. The evidence supporting the finding of merger of title was within the evidence of chain of title, and not extrinsic to the matter for which the plaintiffs were required to produce evidence to establish their *prima facie* case. Merger of title therefore directly rebutted plaintiffs' claim, and did not excuse or avoid the claim, and so was not an affirmative defense. *Id.* at 4–6. The defense had not been waived, and the trial court granted judgment[6] in favor of the defendants. *Id.* at 6, 8. *See also Beckman v. Vassall–Dillworth Lincoln–Mercury, Inc.,* 468 A.2d 784 (Pa.Super.1983) (in action against dealership and manufacturer for breach of sales agreement, no-agency was not an affirmative defense because of "no agency" clause in sales agreement, and because agency relationship was denied by manufacturer).

Based upon the foregoing, we hold that an affirmative defense is a matter which serves to excuse a defendant's conduct or otherwise avoids the plaintiff's cause of action but which is proven by facts extrinsic to the plaintiff's cause of action, in the sense that liability is avoided without negating an element of the plaintiff's *prima facie* case.

### D. Spoliation of Evidence

Spoliation of evidence refers to the destruction of relevant evidence by a party or the agent of a party. *See Schmid v. Milwaukee Electric Tool Corp.,* 13 F.3d 76, 78 (3d Cir.1994). Under both federal evidentiary law or the substantive law of Pennsylvania on products liability, the trial court may impose sanctions on a party responsible for the spoliation of evidence. *Id.* The seriousness of the sanction to be imposed depends upon consideration of the following:

> (1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future.

*Schmid,* 13 F.3d at 79 (citations omitted).

In some cases, a moderate sanction in the form of the "spoliation inference" is imposed. In such cases, evidence of the destruction of evidence is permitted to be presented to the jury, and the jury may infer that the party destroyed the evidence because the evidence was unfavorable to that party's case. *Schmid,* 13 F.3d at 78 (citing, *inter alia, Nation–Wide Check Corp. v. Forest Hills Distributors, Inc.,* 692 F.2d 214, 218 (1st Cir.1982) (Breyer, J.)). In other cases, evidence critical to a plaintiff's case is excluded, leading to judgment against the plaintiff. *See Schmid,* 13 F.3d at 79 n. 2 (compiling cases).

The source of a district court's authority to impose a sanction for the spoliation of evidence is open to some dispute. One

---

**6.** In the form of a judgment *non obstante verdicto,* since motions for nonsuit and for a directed verdict had been denied at the time of trial.

view is that the sanction arises from the district court's inherent authority to sanction parties, while another view is that the sanction arises from the substantive law of the state. *Schmid,* 13 F.3d at 78. The law of Pennsylvania does not appear to differ materially from federal law. *Id.* Regardless, the discussion in *Schmid* specifically points out that, under federal law, the imposition of a sanction for spoliation of evidence is governed by "federal evidentiary law." *Id.* Therefore, the sanctioning of a party responsible for spoliation of evidence is a rule of evidence and not a defense under federal law.

■ We hold that the same applies to the Pennsylvania rule governing spoliation of evidence. In Pennsylvania, the spoliation inference applies, *Mensch v. Bic Corp.,* 1992 WL 236965 (E.D.Pa.1992) (applying Pennsylvania law and citing Pennsylvania cases), as does the rule allowing more severe sanctions. *Schmid,* 13 F.3d at 79 n. 2 (citing Pennsylvania cases). Even in its most extreme form, however, the Pennsylvania rule is in essence an exclusionary rule: a party responsible for the spoliation of evidence is not permitted to present that evidence to the jury. If the evidence is critical to that party's case, judgment may be entered against the responsible party. However, even in such cases, the judgment itself is not the sanction; rather, the exclusion of the evidence is the sanction. Judgment only follows because the party cannot otherwise prove its case.

■ It remains, then, to consider the spoliation rule in the context of the definition of an affirmative defense. Unlike an affirmative defense, the spoliation rule does not prevent recovery by the plaintiff despite the plaintiff's presentation of a *prima facie* case; it only leads to the exclusion of evidence or the admission of negative evidence. In this sense, the spoliation rule is not a defense at all, because it does not bar recovery.

■ Even in its most extreme form, when judgment is entered in favor of the defendant because evidence critical to the plaintiff's cause of action is excluded, judgment in favor of the defendant is appropriate only because the plaintiff is unable to establish a *prima facie* case due to the exclusion of evidence. The matter therefore is not extrinsic to plaintiff's cause of action, but

directly negates the cause of action. At best, then, the spoliation rule is a general defense, not an affirmative defense.

### E. Conclusion

Defendants' motion to amend their answer, seeking to add the affirmative defense of spoliation of evidence, will be denied. The affirmative defense defendants seek to add is insufficient as a matter of law because spoliation of evidence is not an affirmative defense.

### II. MOTION FOR SUMMARY JUDGMENT

#### A. Standard of Review

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that *there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.*" Fed.R.Civ.P. 56(c) (emphasis added).

... [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322–323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

■ The moving party bears the initial responsibility of stating the basis for its motions and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. He or she can discharge that burden by "showing ... that there is an absence of evidence to support the nonmoving party's case." *Celotex,*

*supra,* 477 U.S. at 323, 325, 106 S.Ct. at 2552–53, 2554.

▮▮▮▮ Issues of fact are genuine "only if a reasonable jury, considering the evidence presented, could find for the non-moving party." *Childers v. Joseph,* 842 F.2d 689, 694 (3d Cir.1988) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986)). Material facts are those which will affect the outcome of the trial under governing law. *Anderson, supra,* 477 U.S. at 248, 106 S.Ct. at 2510. In determining whether an issue of material fact exists, the court must consider all evidence in the light most favorable to the non-moving party. *White v. Westinghouse Electric Company,* 862 F.2d 56, 59 (3d Cir.1988).

### B. Applicable Law

▮▮▮ The law concerning spoliation of evidence is set forth in Part I–D, *supra.* In short, federal evidentiary law and Pennsylvania substantive law are consistent in setting forth the rule that a party who is responsible for the spoliation of evidence may be sanctioned. The seriousness of the sanction is consistent with the egregiousness of the conduct, pursuant to the test set forth in *Schmid, supra.* Sanctions range from the "spoliation inference" to the complete exclusion of the subject evidence, which may lead to judgment against the responsible party if the evidence is key to that party's case.

### C. Application to the Instant Case

▮▮▮▮ The parties have presented to the court expert opinions which are contradictory in a number of ways, including whether or not the evidence has been materially altered or whether defendants can test an exemplar vehicle.[7] As such, there are genuine issues of material fact which preclude a determination that either the admission of evidence of spoliation would be appropriate or that evidence of defective seat belts

---

7. Of some concern is a portion of defendants' reply brief which discusses other cases involving plaintiff's expert. Brief in Reply to Plaintiff Memorandum of Law in Opposition to Defendants' Motion for Partial Summary Judgment on Plaintiff's Seat Belt Claims at 19. Consistent with the overly contentious nature of the parties' briefs, defendants seek to attack the credibility of plaintiff's expert prior to a hearing at which credibility would be assessed. Courts do not

should be completely excluded. The court will schedule a hearing on the matter, and a determination on the matter will be made thereafter.

### ORDER

For the reasons stated in the accompanying memorandum, **IT IS ORDERED THAT:**

1. Defendants' motion (record document no. 95) for leave to amend their answer to plaintiff's amended complaint is denied.

2. Defendants' motion (record document no. 89) for partial summary judgment on plaintiff's seatbelt claims is held in abeyance pending a hearing on the issues presented therein.

(a) A hearing on defendants' motion for partial summary judgment shall be conducted on Wednesday, August 17, 1994, at 10:00 a.m., in Courtroom No. 2, Federal Building, 240 West Third Street, Williamsport, Pennsylvania. Two (2) days have been allocated for this hearing.

(b) The hearing shall be limited to the issue of the alleged spoliation of evidence by plaintiff and/or persons acting on behalf of plaintiff.

### APPENDIX

In the Court of Common Pleas of the Fifty–Ninth Judicial District

County Branch—Elk

Civil Action—Equity No. 91–301.

James J. Manno and Virginia Manno, Husband and Wife, Plaintiffs

v.

Anthony V. Nissel and Janice O. Nissel, Defendants.

### MEMORANDUM OPINION AND ORDER

James J. and Virginia Manno [Plaintiffs] brought an action for ejectment and in tres-

---

assess the credibility of witnesses through affidavits and briefs, so that impeachment in this manner is a highly improper manner of putting negative information before the court. If defendants wish to impeach plaintiff's expert at a hearing on the instant motion and are able to do so within the Federal Rules of Evidence, they are free to do so, but the court will not consider the information set forth in plaintiff's brief.

pass, arising out of a dispute over an alleged easement across a piece of land owned by Anthony V. and Janice O. Nissel [Defendants]. Plaintiffs' claim depended on the fact that the right-of-way in question has been contained in an express exception and reservation clause in every deed in Defendants' chain of title for about 90 years. Defendants responded that Plaintiffs do not have any right-of-way and that Plaintiffs cannot assert access across Defendants' land merely by showing weaknesses in Defendants' chain of title.

Trial was held upon the issues in May 1992, at the close of which defense counsel moved for nonsuit, which was denied. The Court is now called upon to decide post-trial motions for both Plaintiffs and Defendants. The Court will first recount the relevant facts adduced at trial, then will address Defendants' post-trial motions and finally will examine Plaintiffs' post-trial motions.

## I. STATEMENT OF THE CASE

Plaintiffs are owners in fee simple of four acres of land in Ridgway Township, Elk County. They claim a right-of-way across Defendants' land, lying between Plaintiffs' property and Portland Mills Road, based on an easement granted in a deed dated 1902, Deed Book 57, Page 227, conveying the land of Defendants to Defendants' predecessor in title, Susanna Mohney. Plaintiffs' Exhibit 2. The deed represented a severance of a larger piece of land owned by the seller, John Burns. Burns' remaining realty [hereinafter, Plot A] abutted Mohney's land [Plot B] to the north and east, with a railroad separating the properties on the northern edge of the Mohney property. Thus, while the easement allowed access to Portland Mills Road from Plot A, the eastern part of Plot A bordered on the road, so that Plot A was not landlocked and there could be no easement by necessity.

In 1920, Mohney re-conveyed Plot B to Burns and his wife, Grace Burns. Plaintiffs' Exhibit 2, Deed Book 79, Page 629. The Burnses conveyed Plot A to Laura Chamberlin in 1923. Plaintiffs' Exhibit 1, Deed Book 83, Page 387. Thus, for the period from May

15, 1920, to March 1, 1923, John Burns and his wife were the owners of both Plot A and Plot B.

Defendants trace their chain of title to Plot B as follows:

> Anthony V. & Janice O. Nissel
> from
> Jack M. and Martha Overbeck
> from
> Minnie Overbeck
> from
> John, Robert & R.P. Dean Williams
> from
> Wilma Williams
> from
> John & Grace Burns
> from
> Susanna Mohney
> from
> John Burns

Plaintiffs' Exhibit 2.

Plaintiffs trace their chain of title to a portion of Plot A as follows:

> James J. & Virginia Manno
> from
> James K. & Mary E. Gardner
> from
> Joseph S. Chamberlin et ux.
> from
> Laura M. Chamberlin et vir.
> from
> John Burns

Plaintiffs' Exhibit 1.

Plaintiffs' claim is that they are the beneficiaries of a clause in the deeds in the chain of title to Plot B which reads:

> "EXCEPTING AND RESERVING the right of way for road, so fully as excepted and reserved in prior deeds."

This clause is retained in each deed dating back to the 1902 deed conveying Plot B from Burns to Mohney. That deed contained the following language:

> "EXCEPTING AND RESERVING to the party of the first part [Burns], their heirs and assigns, the right of way over, through and across the said hereinabove described tract of land for the purpose of building and maintaining a road to lead from the lands of the party of the first part north of the Ridgway/Clearfield Railroad

onto the public road leading from Ridgway to Portland Mills and the right to use said road by themselves, their agents, contractors and employees in passing to and fro."

Because of the present litigation, Defendants had constructed and offered for use of Plaintiffs a road along the western portion of the land, denominated at trial the "blue road," as opposed to the "green road," the original right-of-way. Plaintiffs objected to the blue road as inconvenient, but Defendants exercised control over and prevented access across the green road.

At trial, in response to interrogatories approved by all parties, the jury found that Plaintiffs had an easement across Plot B and located it along the blue road.

## II. DEFENDANTS' POST-TRIAL MOTIONS

At trial, defense counsel presented, over objection, evidence of merger of title based on the period between May 15, 1920, and March 1, 1923, during which John and Grace Burns owned both Plot A and Plot B. At the close of Plaintiffs' evidence, defense counsel had moved for nonsuit. The Court denied the motion because: 1) this defense was not asserted in the pleadings and so constituted new matter which could not be raised at trial, and 2) the easement continued in Defendants' chain of title since each deed purported to burden the land. In their post-trial motions, Defendants again assert that their motion for nonsuit should have been granted. Upon reconsideration, the Court finds error in its prior ruling and grants a judgment notwithstanding the verdict in Defendants' favor, the effect of which is the same as that of nonsuit.

Counsel for Plaintiffs properly states that affirmative defense must be asserted in pleadings under the heading "New Matter." Pa.Rules of Civ.Proc.Rule 1030. However, merger of title has not been held to be an affirmative defense under Pennsylvania law. It is not included in the long list of affirmative defenses set forth in Rule 1030. While that list is not exhaustive ("... including but not limited to ...", *id.*), there is no Pennsyl-

vania case law supporting the contention that merger is an affirmative defense.

More importantly, merger does not fit within the definition of new matter set forth in Pennsylvania authority. "The term 'New matter' embraces matters of confession and avoidance as understood at common law, and has been defined as matter which, taking all the allegations of the complaint to be true, is nevertheless a defense to the action." 5 Standard Pa.Practice 2d § 26:42 (citing inter alia *Pisiechko v. Diaddorio,* 230 [Pa.]Super.Ct. 295, 326 A.2d 608 (1974)). Here, the complaint alleges that an easement exists across Defendants' land. Application of the concept of merger would negate this allegation, so that the defense is not new matter.

Also, an affirmative defense is one in which the defense must prove facts which are outside of and in addition to those averred in the complaint. "The characteristics of new matter and of the specific affirmative defenses listed in the Rules of Civil Procedure are that they are all extrinsic to the cause of action pleaded by the plaintiff." 5 Standard Pa.Practice § 26:42 (citing *Watson v. Green,* 231 [Pa.]Super.Ct. 115, 331 A.2d 790 (1974)). In the instant case, the elements which constitute merger are contained in Plaintiffs' own exhibits. The deeds which make up Plaintiffs' Exhibits 1 and 2 show that John and Grace Burns owned both Plot A and Plot B for almost three years before Plot A was conveyed to Chamberlin. This merger of title extinguished the easement which Burns had reserved for himself across Lot B since one cannot have an easement across his own land. *Gogel v. Blazofsky,* 197 [187] Pa.Super. 32, 39, 142 A.2d 313, 316 (1958). An easement appurtenant must have both a dominant and a servient tenement; title in one person eliminates that distinction. *Id.;* 12A Pa.Law Encyclopedia § 53. This defense was established by Plaintiffs' own pleadings and proofs. Hence, merger is not an affirmative defense. The Court concludes that the elements of merger were established at trial, the defense was not waived when it was not pleaded, and Defendants' motion for nonsuit should have been granted.

At trial, Plaintiffs' evidence showed that merger had taken place, so that Plaintiffs'

had no legal right to cross Defendants' property. At the close of Plaintiffs' case in chief, "the court, on the oral motion of a party, may enter a nonsuit if the plaintiff has failed to establish a right to relief." Pa.Rules of Civ. Proc.Rule 230.1. At this late date, a nonsuit would be inappropriate, so the Court will reverse itself by granting Defendants' motion for a judgment notwithstanding the verdict under Pa.Rules of Civ.Proc.Rule 227.1.

### III. PLAINTIFFS' POST-TRIAL MOTIONS

Plaintiffs argue that merger of title is an affirmative defense and so must be pleaded as new matter. However, Plaintiffs can produce no Pennsylvania authority on this point and depend on cases from other jurisdictions for support. *Southpoint Development v. Cruikshank*, 484 So.2d 1361 (Fla.1956); *Preisendorf v. Mittenbrink*, [Metterbrink] 232 Neb. 558, 441 N.W.2d 203 (1989); *Beltzer v. Willeford Farms, Inc.*, 215 Neb. 102, 337 N.W.2d 406 (1983) (cited in Plaintiffs' brief as *Beltzer v. Beltzer*). However, a review of these cases discloses that the contract law concept of merger is being discussed, not the defense of merger of title under property law. For example, the *Southpoint Development* case concerns the merger of preliminary agreements to a sale into a deed. *Id.* at 1362. *See also Opler v. Wynne*, 402 So.2d 1309 (Fla.App.1981). The same is true of the *Preisendorf* case, with the preliminary agreement being the renewal of an option to purchase. The *Beltzer* case also involved the merger of preliminary agreements and set forth the rule that, absent mistake, all prior negotiations and agreements are deemed merged in an unambiguous deed.

The Court further notes contrary authority on point. *Reagan v. Estabrook*, 1992 WL 8749 (Tenn.App.1992) (memorandum opinion in which the court listed affirmative defenses but did not include merger, which was at issue); *Craven County v. First–Citizens Bank & Trust Co.*, 237 N.C. 502, 516, 75 S.E.2d 620, 630–631 (1953) (merger not pleaded as an affirmative defense but considered by the court to determine that a restriction in a deed was a personal covenant).

More importantly, the Court refers back to Section II of this opinion for Pennsylvania authority which sets forth definitions of new matter and affirmative defenses into which merger of title does not fall. *See* 5 Standard Pa.Practice § 26:42 and cases cited therein.

Plaintiffs further contend that the easement was preserved in Defendants' chain of title through the reservation clause. As noted, the easement was extinguished when title merged. When Burns conveyed to Chamberlin, there was no mention of the easement. Thus, it disappeared from Plaintiffs' chain of title, so that no dominant tenement existed. When Burns reserved the easement in the conveyance of Plot B to Williams, he no longer owned Plot A, and so could not have reserved a right which benefitted Plot A. At best, he was reserving an easement in gross which did not run with the land. It is important to note that the Burns–to–Chamberlin conveyance granted no easement, so that Plot A was not a dominant tenement. With no dominant tenement, there can be no easement appurtenant. *Woodlawn Trustees, Inc. v. Michel*, 418 Pa. 398, 401, 211 A.2d 454, 456 (1965); *Gogel v. Blazofsky*, 197 [187] Pa.Super. 32, 39, 142 A.2d 313, 316 (1958).

Moreover, by relying on the reservation clause in Defendants' chain of title, Plaintiffs are not establishing their case. They must rely on the strength of their own legal rights to use the property, not on a weakness in Defendants' chain of title. *Doman v. Brogan*, 405 Pa.Super. 104 [254], 592 A.2d 104 (1991); *Carringer v. Taylor*, 402 Pa.Super. 197, 586 A.2d 928 (1990); *Busin v. Whiting*, 369 Pa.Super. 563, 535 A.2d 1078 (1987); *Cannon Bros., Inc. v. D'Agostino*, 356 Pa.Super. 286, 514 A.2d 614 (1986). This rule of law belies Plaintiffs' contention that they are the beneficiaries of a right to use Defendants' land, since that claim cannot be established by their own chain of title.

Finally, both sides contend that the jury verdict was perverse in finding a right-of-way in the blue road. However, such a finding was consistent with the interrogatories to which both sides agreed, and so objections were waived. Still, the issue becomes moot because we hold that the case never should have gone to the jury.

For the reasons set forth above, Defendants' motion for a judgment notwithstanding the verdict is granted, Plaintiffs' motions are denied, and judgment will be rendered for Defendants.