LAZZARA, Judge.
The appellants, Randy Conte and Debbie Conte (the Contes), appeal the trial court’s dismissal with prejudice of count I of their two-count complaint which alleged a breach of contract on the part of appellee, R & A Food Services, Inc. (R & A).[1] We conclude that the trial court erred in dismissing count I by improperly considering an affirmative defense raised by R & A in a motion to dismiss. Accordingly, we reverse and remand with directions to reinstate this count.
The trial court dismissed the Contes’ claim for breach of contract based on the defense of merger which R & A raised in support of its motion to dismiss for failure to state a cause of action. See generally Southpointe Dev., Inc. v. Cruikshank, 484 So.2d 1361 (Fla. 2d DCA), review denied, 492 So.2d 1330 (Fla.1986) (discussing doctrine of merger). We recognize that Florida Rule of Civil Procedure 1.110(d) permits a pleader to raise an affirmative defense appearing on the face of a complaint as a basis of a motion to dismiss for failure to state a cause of action. E.g., Timmins v. Firestone, 283 So.2d 63 (Fla. 4th DCA 1973). When considering a motion to dismiss, however, a trial court is confined to a review of the allegations of a complaint and may not consider defenses which do not appear on its face. E.g., Ehmann v. Florida Nat’l Bank at Ocala, 516 So.2d 1063 (Fla. 5th DCA 1987). Moreover, a complaint need not anticipate affirmative defenses. E.g., Simonin v. Sims, 456 So.2d 499 (Fla. 4th DCA 1984).
Our review of the complaint and its attachment leads us to conclude that it does not contain sufficient information from which the *134 trial court could have concluded that the doctrine of merger barred the Contes’ cause of action for breach of contract.[2] It is apparent, therefore, that the trial court improperly converted R & A’s motion to dismiss into a motion for summary judgment in dismissing this claim with prejudice. See Holland v. Anheuser Busch, Inc., 643 So.2d 621 (Fla. 2d DCA 1994). This was error requiring us to reverse and remand with directions to reinstate the breach of contract count. Temples v. Florida Indus. Constr. Co., 310 So.2d 326 (Fla. 2d DCA 1975).
Reversed and remanded with directions.
FRANK, C.J., and PARKER, J., concur.

. The trial court also dismissed another party-defendant from the complaint, as well as count II which alleged tortious interference with an advantageous business relationship. The Contes have not appealed these rulings.

. We note that R & A in its brief refers to certain documents which it contends conclusively establish the defense of merger. These documents, however, are not attached or referred to in the Contes' complaint nor are they part of the record.