W. SHARP, J.,
concurring specially.
In this case, the trial court granted Brightway Builder, Inc.’s motion to dismiss three counts against it, which were set forth in Commerce Limited Partnership # 9219 II’s complaint. In my view, nothing alleged in those counts showed that Commerce failed to state a cause of action against Brightway. The issue, as it boiled down on appeal, was whether the complaint on its face showed that Bright-way had the right to take the actions it allegedly took in derogation of Commerce’s rights, pursuant to an amended lease which was attached to the pleadings. However, this argument depended on definitions in the original lease, allegedly incorporated by the amended lease, and the original lease was not attached to the pleadings.
Both parties candidly agree on appeal that the original lease could and would be attached to the pleadings if the case is remanded. The pleadings before the court *1286 currently do not merit dismissal because they do not show Commerce has not pled a cause of action against Brightway. If Brightway believes it had the right to do the things it allegedly did because of the definition of terms in the original lease, then on remand it should file an answer, attaching the original lease which supports its defenses. That would properly frame the issues for resolution. I do not think it is up to the plaintiff, i.e., Commerce in this case, to attach pleadings to refute or support Brightway’s defenses, before they are properly raised. That is Brightway’s responsibility. Cintron v. Osmose Wood Preserving, Inc., 681 So.2d 859 (Fla. 5th DCA 1996); Payne v. Humana Hospital Orange Park, 661 So.2d 1239 (Fla. 1st DCA 1995), rev. denied, 671 So.2d 788 (Fla.1996); Conte v. R & A Food Services, Inc., 644 So.2d 133 (Fla. 2d DCA 1994).
I would reverse and remand this cause for further proceedings; i.e., the filing of Brightway’s answer.